IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | | |
|---|---|---|---|
| WILLIE LEE TELLS, | * | | |
| Plaintiff, | * | | |
| VS. | * | CASE NO. 4:05-CV-24 (CDL) | |
| | | 42 U.S.C. § 1983 | |
| EDDIE SULLIVAN, | * | | |
| Defendant. | * | | |

## REPORT AND RECOMMENDATION

Before the court is Defendant's Motion for Summary Judgment filed on October 20, 2005. Plaintiff was notified by the court of the filing of said motion and given thirty days to respond. Plaintiff's Response was thereafter filed on November 17, 2005.

## Legal Standard

Federal Rule of Civil Procedure 56, which deals with motions for summary judgment provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed. R. .Civ. P. 56 (c); Warrior Tombigee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court

in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc., Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913 (11th Cir. 1993). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Tidmore Oil Co. v. BP Oil Co./Gulf Prods. Div., a Div. of BP Oil Co.*, 932 F.2d 1384. 1387-88 (11th Cir.1991), cert. denied, 502 U.S. 925, 112 S.Ct. 339, 116 L.Ed.2d 279 (1991).

## Factual History

On July 20, 2004, Plaintiff is alleged to have brandished a pistol at a Ms. Billie Myers and others. After he was told of the incident by Myers, Defendant Sullivan, an officer with the Cuthbert police department, located the Plaintiff walking down a street and spoke with the Plaintiff about the incident. Plaintiff denied the allegation. The Defendant then told Plaintiff that he would allow the Plaintiff to bring any witnesses on his behalf to the police department to be interviewed about the incident. The next day, the Defendant interviewed Myers and her witnesses, but the Plaintiff and any witnesses he had failed to appear. Plaintiff, who was on probation at the time, was later arrested and charged with a probation violation stemming from the incident with Myers. On September 23, 2004, Plaintiff was found to have violated his probation and his probation was revoked. On October 5, 2004, Plaintiff was indicted on charges of possession of a firearm by a convicted felon and carrying a pistol without a license. On March 8, 2005, Plaintiff Baker filed the current action pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff contends that his Fourth Amendment rights were violated by the Defendant. Specifically, he claims that he was subject to false arrest, false imprisonment and malicious prosecution at the hands of the Defendant.

## Qualified Immunity

The Defendant claims that he is entitled to qualified immunity for his actions in this case. (Defendant's Brief, p.6). Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no clearly established right of which a reasonable person would have known. In sum, qualified immunity is a guarantee of fair warning. *McElligott v. Foley*, 182 F.3d 1248 (11th Cir.). The eleventh Circuit Court of Appeals has held that "The qualified immunity inquiry involves three steps: (1) the alleged conduct must fall within the scope of the discretionary authority of the actor; (2) if it does, we must then determine whether that conduct violates a constitutional right; (3) if so, we must inquire whether the asserted right was clearly established at the time of the alleged violation." *Tinker v. Beasley*, —F.3d —, 2005 WL 3007129 (11th Cir. 2005); *citing*, *Vinyard v. Wilson,* 311 F.3d 1340, 1346 (11th Cir.2002).

The Supreme Court has held that in a case against an officer in which the Plaintiff alleges a violation of his constitutional rights, the two requirements of this defense must be analyzed in the appropriate succession. *Suacier v. Katz*, 121 S.Ct. 2151, 2155 (2001). The first question is whether "[T]aken in the light most favorable to the party asserting the injury, do the facts show that the officer's conduct violated a constitutional right?" *Saucier* at 2156; *Seigert v. Gilley*, 500 U.S. 226, 232 (1991). On the facts of the case, should they be established, if it is possible that a jury could find that a constitutional deprivation had occurred, the Court must then decide whether the right violated was clearly established at the

time of the alleged wrongful acts. *Id.* at 2156. "The contours of the right must be sufficiently clear that a reasonable official would understand that he was doing violates that right." *Id.*

As to the issue of whether an officer has violated a defendant's fourth amendment rights, the Eleventh Circuit has held that:

> In order to be entitled to qualified immunity from a Fourth Amendment claim, an officer need not have actual probable cause but only "**arguable probable cause**," i.e., the facts and circumstances must be such that the officer reasonably could have believed that probable cause existed. *See Williamson v. Mills,* 65 F.3d 155, 158 (11th Cir.1995) ("to enjoy qualified immunity [the officer] need only have had *arguable* probable cause"); *Pickens v. Hollowell,* 59 F.3d 1203, 1206 (11th Cir.1995) ("the appropriate inquiry for qualified immunity is ⋯ whether there was arguable probable cause"); *Swint,* 51 F.3d at 996 ("[w]hen a law enforcement officer seeks summary judgment on the basis of qualified immunity, we must only ask whether ⋯ there was arguable probable cause"); *Eubanks v. Gerwen,* 40 F.3d 1157, 1160 (11th Cir.1994)("In the case involving a warrantless search and seizure, ⋯ whether qualified immunity ⋯ exist[s] turns upon whether there was 'arguable' probable cause⋯.").
> We have repeatedly held that because only arguable probable cause is required, the inquiry is not whether probable cause actually existed, but instead whether an officer reasonably could have believed that probable cause existed, in light of the information the officer possessed. *See, e.g., Hunter v. Bryant,* 502 U.S. 224, 228, 112 S.Ct. 534, 537, 116 L.Ed.2d 589 (1991) (holding that secret service officers were entitled to qualified immunity "if a reasonable officer could have believed that probable cause existed to arrest [the plaintiff]"); *Eubanks,* 40 F.3d at 1160 (holding that the standard for arguable probable cause is "whether a reasonable officer ⋯ *could* have reasonably believed that probable cause existed⋯."). "Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." *Hunter,* 502 U.S. at 227, 112 S.Ct. at 536 (quoting *Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 3040, 97 L.Ed.2d 523 (1987)) (internal quotations marks omitted). Thus, the qualified immunity standard is broad enough to cover some "mistaken judgment," and
>
> it shields from liability "all but the plainly incompetent or those who

knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 343, 106 S.Ct. 1092, 1096-97, 89 L.Ed.2d 271 (1986). (emphasis added).

*Montoute v. Carr*, 114 F.3d 181, 184 (11th Cir. 1997).

In the instant case, the Plaintiff has alleged that the Defendant's actions deprived him of his constitutional rights against false arrest and false imprisonment, both of which are guaranteed by the Fourth Amendment. The holding in *Montoute v. Carr*, however, states that as long as the Defendant has some arguable probable cause to arrest the Plaintiff, no constitutional violation can be said to have occurred. "Probable cause" is defined as "reasonable ground for belief of guilt, supported by less than prima facie proof, but more than mere suspicion."*United States v. $364,960.00,* 661 F.2d 319, 323 (5th Cir. Unit B 1981) (quoting *United States v. One 1978 Chevrolet Impala,* 614 F.2d 983, 984 (5th Cir.1980)).

In support of his Motion for Summary Judgment, the Defendant submitted an affidavit wherein he states that after interviewing Myers and her witnesses as to the facts of the alleged crime, and giving the Plaintiff an opportunity to present witnesses of his own, he spoke with the Plaintiff's probation officer who informed him that he thought that probable cause existed for a warrant to be issued for Plaintiff's arrest. (R-25, p. 5). The Defendant further testifies that the District Attorney, as well as the Magistrate Judge, agreed that based on the allegations, probable cause for Plaintiff's arrest existed. *Id.* Plaintiff filed an affidavit of his own, testifying that the actions of the Defendant were based solely on his personal involvement with the Plaintiff. (R- 27). His affidavit, however, fails to refute the facts as presented by the Defendant. Because the Defendant has established that he had probable

cause to arrest the Plaintiff based on his own findings and the opinions of the Plaintiff's probation officer, the district attorney and the magistrate judge, no violation of the Plaintiff's constitutional rights can be shown. The court finds that, based on the pleadings, affidavits and exhibits, the Plaintiff has failed to show that the Defendant is not entitled to qualified immunity. The Plaintiff has failed to provide any evidence, other than his own claims, that the Defendant violated any of his rights. As such, Plaintiff has failed to meet the first prong of the qualified immunity standard as set out in *Montoute v. Carr*, 114 F.3d 181, 184 (11th Cir. 1997). As was found in *Saucier v. Katz,* cited *supra,* the Supreme Court held that if no facts are presented which would show that the Plaintiff's constitutional rights were violated "there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 121 S.Ct. 2151, 2156 (2001). Here, such is the case. The Plaintiff has failed to prove that any the rights guaranteed to him through the United States Constitution were violated by the Defendant in his arrest of the Plaintiff. Therefore, no more analysis is required.

**ACCORDINGLY**, because it appears that Defendant Sullivan is entitled to judgment as a matter of law, **IT IS THE RECOMMENDATION** of the United States Magistrate Judge that the Motion for Summary Judgment filed on his behalf be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may serve and file written objections to this **RECOMMENDATION** with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 14th day of December, in the year 2005.

                                                                S/ G. MALLON FAIRCLOTH
                                                                UNITED STATES MAGISTRATE JUDGE

sWe